UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DAVID E. WIGGINS** | § | |
| **ARCHITECT, PLLC,** | § | CA No.1:14-cv-00933 |
| | § | |
| **Plaintiff** | § | |
| | § | |
| v. | § | |
| | § | |
| **MICHAEL GARRELL AND** | § | |
| **GARRELL ASSOCIATES, INC.** | § | |
| | § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, David E. Wiggins Architect, PLLC ("Wiggins" or "Plaintiff"), for its complaint against Defendants, Michael Garrell ("Garrell"), individually, and Garrell Associates, Inc ("Associates"), and collectively called "Defendants," alleges:

**I.
JURISDICTION/VENUE**

1.  Wiggins' claims arise under the laws of the United States, 15 U.S.C. § 1125(d) *et. seq.*, also known as the Anti-Cybersquattng Piracy Act ("ACPA"), and 17 U.S.C. § 1125(a) *et seq.*, and for trademark infringement under the Lanham Act.

2.  Subject matter and personal jurisdiction is vested in this Court pursuant to 28 U.S.C. 1338. This Court has subject matter jurisdiction under 28 U.S.C. 1331 inasmuch as this claim arises under the laws of the United States. Additionally, personal jurisdiction is proper because Defendants intentionally directed their activity toward the state of Texas with the

knowledge that the actions would likely injure Plaintiff in Texas, satisfying the dictates of *Southmark Corp. v. Life Investors, Inc.*, 851 F.2d 763, 773 (5th Cir.1988).  On information and belief, Defendants registered, trafficked in, and/or used specific domain names, which Defendants knew were the same and/or confusingly similar to Wiggins' internet URL, trade name and trademark.  More specifically, when clicked on, one or more of these domain names were programmed to direct a web browser to a landing page entitled, "*Texas House Designs That Say 'This is Home*," rather than the home page or index page of Defendants' website.  Thus, Defendants intended to attract customers in Texas using deceptively similar domain names to Plaintiff's, and divert their activity toward the state of Texas with knowledge and intent that the Texas resident Plaintiff would be injured in Texas.

3.      Venue in this judicial district is proper pursuant to 28 U.S.C. 1400(a) and 28 U.S.C. 1391(b) and (c).

## II.
## THE PARTIES

4.      David Wiggins is a licensed architect residing in Texas, and the plaintiff is his professional limited liability corporation which is engaged in the practice of architectural design.  Plaintiff's principal place of business is in Leander (Williamson County), Texas.

5.      Defendant, Garrell is a draftsman residing in Cumming (Forsyth County), Georgia, and a principal and the sole shareholder of Defendant, Associates.  He can be served with process at his residence, 6360 Polo Club Drive, Cumming, GA 30040.

6.     Defendant Associates is a corporation organized under the laws of the State of Georgia, having its principal place of business at 790 Peachtree Industrial Boulevard, Suite 200, Suwanee (Gwinnett County), Georgia. It can be served with process by service upon its registered agent, Paul J. Morochnik, Suite 650, 3490 Piedmont Road, Atlanta, Georgia 30305.

## III.
## FACTS

7.     Wiggins is in the business of creating and licensing residential home plans. Plaintiff is the owner of the mark, "David E. Wiggins, Architect," which he has used in commerce as a service mark since 1987. Wiggins' mark is registered with the USPTO, serial number 76717583 (**Exhibit A**). Since 1987, Wiggins has conducted business under and continuously used "David E. Wiggins, Architect" as a trade name and trademark in the promotion, marketing, and sale of residential home plans.

8.     As a result of Wiggins' promotion, advertising, sales and other uses of "David E. Wiggins, Architect" name and mark, Plaintiff has, over time and at substantial expense, built up a favorable reputation and a substantial customer loyalty and goodwill. Consequently, Plaintiff's use of this name and mark, building upon the company's pre-existing notoriety and reputation, has come to be and remains widely and favorably-regarded in the architectural trade. Wiggins has thus acquired extensive and valuable common law and statutory rights, and owns the exclusive right to use this mark for the creation and licensing of home plans.

9.      In addition to the number of other uses of this name and mark, Plaintiff maintains a website, "wigginsarchitect.com," through which his clients and potential clients are able to access Wiggins' services (**Exhibit B**).

10.     Defendants Garrell and Associates are in the same general business of licensing residential home plans, and compete with Wiggins.  Indeed, Defendants have a history of litigation with Wiggins which plays a significant and relevant role with respect to Defendants' motive.

11.     More specifically, on or about October 7, 2010 Defendants through counsel, sent a letter to David Wiggins alleging that he was infringing on Defendants' works and demanding that Wiggins reveal a wide range of information about his architectural practice, and threatening copyright litigation if Wiggins' did not comply with Defendants' demands.  On April 1, 2011 Wiggins filed a Complaint for Declaratory Judgment in the Northern District of Georgia, Atlanta Division, seeking declaratory judgment of non-infringement of architectural designs and architectural drawings (**Exhibit C**).  That case was resolved as a "walk away," with each party bearing its own costs, and with no settlement funds flowing to or from either (**Exhibit D & E**).

12.     Within fifteen days of that case settling (See settlement dated December 1, 2011), Defendants carried out an illicit scheme whereby they registered, trafficked-in, or otherwise used Internet domain names which are deceptively similar and/or confusingly similar to, and dilutive of Wiggins' trade name and trademark.  Wiggins submits that out of ill will and

spite, Defendants then willfully and/or intentionally used the deceptively similar domain names to redirect Wiggins' current and/or potential clients (especially those in Texas or looking for "Texas Designs") to Defendants' website through these Internet domain names. Such was done in an effort, among other things, to: 1) deceive Wiggins' current and potential clients as to the origin, sponsorship, or approval of Defendants' services; 2) profit from Wiggins' goodwill and reputation; and/or 3) profit from Defendants' clients who already were, or had attempted to do business with Wiggins, as well as his prospective clients.

13.   More specifically, on or about December 16, 2011 Defendants purchased the following thirteen (13) URLs: davidewiggins.com, davidewiggins.net, davidewiggins.org, davidewiggins.biz, davidewiggins.info, davewiggins.net, davewiggins.org, davewiggins.biz, davewiggins.info, wigginsarchitect.net, wigginsarchitect.biz, wigginsarchitect.info, and wigginsarchitect.org (collectively referred to as "Domain Names").

14.   Should an internet user inadvertently type one of the thirteen Domain Names purchased by Defendants while searching for Wiggins' website (www.wigginsarchitect.com), the user was redirected to Defendants' website, www.garrellassociates.com.  If the user employed certain terms while searching with one of many search engines, and the user were to click on any of Defendants' thirteen (13) recently-acquired domain names that are returned by the search engine, the user would also be forwarded to Defendants' web site (**Exhibit F, "landing page" for only those thirteen URLs**). The title of the said landing page was, "*Texas House Designs That Say 'This is Home*," rather than the usual home or index page

of Defendants' website. Such demonstrates Defendants' intention to attract clients in Texas. Further, this page specifically advertises "Luxury Home Plans & Custom Home Design" in Dallas/Fort Worth, *Leander*, Austin, San Antonio, and Houston." The trier of fact should note that, while Dallas/Fort Worth, Austin, San Antonio, and Houston make up the four (4) largest metropolitan areas in Texas, Leander is a suburb of Austin, with a population of just over 25,000. Because Leander is where Wiggins resides, and is the Plaintiff's principal place of business, its inclusion on this page is compelling evidence of scienter.

15. On information and belief, Defendants registered, trafficked in, and used the Domain Names, which Defendants knew were the same and/or confusingly similar to Wiggins' trade name and trademark, with the specific intent to injure Wiggins or with conscious indifference as to Wiggins' rights in its trade name and/or trademark, as well as the risk of harm to Wiggins resulting from Defendants' actions. On information and belief, Defendants engaged in such activities to profit from the redirection of Wiggins' current and potential clients to Defendants' website, and principally those in Texas.

## IV.
## CAUSES OF ACTION
## COUNT I
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

16. Wiggins re-alleges and incorporates, as if set forth herein, paragraphs 1 through 15 above.

17. Defendants were well aware of Wiggins' continuing use and ownership of the trade name and trademark of "David E. Wiggins, Architect" before usurping the same name and mark for the promotion and sale of Defendants' services. Defendants intended to trade on

Wiggins' favorable reputation and goodwill, and Defendants' intended to and, on information and belief, did divert sales and trade from Wiggins.

18. Defendants' unauthorized use of Wiggins' famous and distinct trade name and trademark in connection with the advertising, promotion and sale of Defendants' services is likely to cause confusion, or to cause mistake, or to deceive as to Defendants' affiliation, connection, or association with Wiggins, or as to the origin sponsorship, or approval by Wiggins of Defendants' services and other commercial activity. Defendants' actions demonstrate their knowing and willful intent to trade on Wiggins' goodwill and reputation, and they have caused dilution of Wiggins' trade name and trademark.  Such conduct by Defendants constitutes palming off, unfair competition, and violation of the Lanham Act, 15 U.S.C. § 1125(a).

19. Defendants' use of Wiggins' mark in the commercial advertising or promotion associated with Defendants' website falsely represents to clients and potential clients as to the nature, characteristics, and qualities of Defendants' services and other commercial activities in violation of the Lanham Act, 15 U.S.C. § 1125(a), and are further acts of unfair competition.  Defendants' false and misleading representations concerning their products have been performed in a malicious, fraudulent, deliberate, or willful fashion.

20. The unauthorized use by Defendants of Wiggins' trade name and trademark in connection with Defendants' commercial activities removes from Wiggins' the ability to control the quality of service offered under its trade name and trademark, and places Wiggins' valuable goodwill and reputation in the hands of Defendants, over whom Wiggins

has absolutely no control. Defendants' unauthorized use of Wiggins' trade name and trademark allows Defendants to advertise and promote Defendants' services by receiving the benefit of the goodwill built up over the years by Wiggins at great labor and expense, and to gain acceptance for Defendants' services based upon Wiggins' reputation and goodwill. This type of injury is irreparable, continuing and a type of injury for which Wiggins' has no adequate remedy at law.

## V.
## COUNT II
## ANTI-PIRACY UNDER THE LANHAM ACT

21. Wiggins re-alleges and incorporates, as if set forth herein, paragraphs 1 through 20 above.

22. Defendant Garrell, acting individually and on behalf of Associates, registered, trafficked in and used the Domain Names, all of which are identical or confusingly-similar to Wiggins' famous and distinct mark. Defendants' registration of, trafficking in, and/or use of the Domain Names is dilutive of Wiggins' trade name and/or trademark. From approximately December 16, 2011 when the thirteen (13) domains became operable, to August 12, 2014 when the domains were rendered inoperable, Defendants had and maintained a bad faith intent to profit from using Wiggins' name and mark. Defendants do not have a trademark or other intellectual property rights in the names or marks used in the Domain Names. The Domain Names do not consist of the legal names of the Defendants or of names that are commonly used to identify the Defendants. Defendants have never used the names or marks embedded in the Domain Names in connection with the *bona fide*

offering of any goods or services, and Defendants use of Wiggins' name and mark in this manner is not a *bona fide* noncommercial or fair use.

23. Defendants intended to, and did actually divert Wiggins' existing and potential customers and suppliers to Defendants' website by redirecting such individuals and entities who were attempting to access one of Wiggins' website to the Defendants' website. Defendants redirected Wiggins' existing and potential clients in order to cause confusion in the marketplace and Defendants acted for commercial gain with the intent to harm Wiggins' hard earned and favorable goodwill and reputation. Defendants' bad faith is further demonstrated by their actions in registering multiple domain names that are identical to and/or confusingly similar to the name and mark associated with Wiggins' architectural services, which were both distinctive and famous at the time Defendants registered the Domain Names.

24. Defendants conduct constitutes a violation of the Anticybersquatting Consumer Protection Act ("ACPA") section of the Lanham Act, 15 U.S.C. § 1125(d). This type of injury is irreparable, continuing and a type of injury for which Wiggins has no adequate remedy at law.

25. Pursuant to 15 U.S.C. § 1125(d)(1)(D), Defendants are jointly and severally liable under the statute as the registrants for the Domain Names.

26. Pursuant to 17 U.S.C. § 1117(a), Wiggins is entitled and seeks to recover its reasonable attorneys fees.

# VI
# COUNT III
# VIOLATIONS OF GEORGIA UNIFORM TRADE PRACTICES ACT

27. Wiggins incorporates the allegations contained in paragraphs 1 through 26 as though set forth herein in full.

28. Defendants' actions in registering the Domain Names, and in redirecting Wiggins' existing and potential clients to Defendants' website caused a likelihood of confusion and/or misunderstanding as to the source, sponsorship, approval, or certification of the services provided. Additionally, Defendants' actions caused a likelihood of confusion and/or misunderstanding as to Defendants' affiliation, connection, or association with or certification by Wiggins.

29. Defendants conduct constitutes a violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-372.

30. Pursuant to O.C.G.A. § 10-1-373(a), Wiggins is entitled and seeks injunctive relief against Defendants.

31. Pursuant to O.C.G.A § 10-1-373(b), Wiggins is entitled and seeks to recover its reasonable attorneys fees.

## VII

## **REQUEST FOR PERMANENT INJUNCTION**

32. Wiggins incorporates the allegations contained in paragraphs 1 through 31 as though set forth herein in full.

33. Wiggins requests that a permanent injunction be entered to put an end to Defendants' conspiracy and acts conducted in the furtherance of the conspiracy, namely cyberpiracy, trademark infringement, and dilution of trademarks.

**WHEREFORE,** Plaintiff Wiggins respectfully requests the following:

Upon entry of a final judgment including:

A. Finding that Defendants have violated the Antcybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), by registering, trafficking in, and using the Domain Names, which are identical to, confusingly similar to, and dilutive of Wiggins' famous and distinct trade name and trademark, with a bad faith intent to profit from Wiggins' name and mark;

B. Finding that Defendants have directly infringed Wiggins' trade name and trademark in violation of U.S.C. § 1125(a);

C. Finding that Defendants have caused a likelihood of confusion and/or misunderstanding as to the source, sponsorship, approval, or certification of the services provided in violation of O.C.G.A. § 10-1-372.

D. Finding that Defendants have caused a likelihood of confusion and/or misunderstanding as to Defendants' affiliation, connection, or association with or

certification by Wiggins in violation of O.C.G.A. § 10-1-372.

E. Finding that Defendants use of Wiggins' trade name and trademark was willful, intentional, and malicious;

F. Permanently enjoining Defendants, their subsidiaries, affiliates, officers, agents, servants, employees, and participants with them who receive actual notice of the order by personal service or otherwise, from directly infringing and from inducing infringement of the trade name and trademark of Wiggins;

G. Awarding Wiggins the damages to which it is entitled due to Defendants' actions and infringement of Wiggins' trade name and trademark, and trebling such damages for the deliberate and willful nature of the infringement, and awarding interest thereon in the form of both pre-judgment interest and post-judgment interest;

H. Finding that the amount of damages awarded or a recovery based on profits is inadequate and awarding Wiggins three times such amounts pursuant to 15 U.S.C. § 1117(a);

I. Alternatively, awarding Wiggins statutory damages pursuant to 15 U.S.C. § 1125(d) in an amount of One Hundred Thousand dollars ($100,000.00) per domain name;

J. Awarding Wiggins its costs and expenses herein, and its reasonable attorneys fees under 15 U.S.C. § 1117 and O.C.G.A § 10-1-373(b);

K. Permanently enjoining Defendants, their subsidiaries, affiliates, officers, agents, servants, employees, and participants with them who receive actual notice of the order

by personal service or otherwise from using Wiggins' trade names, trademarks, or any other marks or designation confusingly similar thereto or a colorable imitation thereof in connection with the promotion, advertising, offering, manufacturing, distributing, or selling of Defendants' products and services;

L. Awarding Wiggins the damages to which it is entitled due to Defendants' conspiracy, dilution of trademark, and awarding interest thereon in the form of both pre-judgment and post-judgment interest.

M. Ordering an equitable accounting be directed to determine Defendants' profits resulting from their conspiracy and acts of cyberpiracy and trademark infringement, and that such profits be paid over to Wiggins as an equitable remedy;

N. Awarding Wiggins its lost profits resulting from Defendants' unlawful conduct;

O. Awarding Wiggins special damages associated with the loss of goodwill resulting from Defendants' unlawful conduct;

P. Awarding Wiggins economic damages for the loss of market value in Wiggins trade name and trademark resulting from Defendants unlawful conduct, as well as the costs associated with Wiggins' attempts to rehabilitate the market value associated with Wiggins' trade name and trademark;

Q. Finding that Defendant Associates' corporate veil should be pierced and that Garrell is individually responsible for any damages award by the court;

R. Ordering the forfeiture or cancellations of the Domain Names and the transfer of the Domain Names to Wiggins pursuant to 15 U.S.C. § 1125(d)(1)(C); and

S.  Granting Wiggins such other and further relief, in law or in equity, both general and special, to which Wiggins may be entitled.

Respectfully submitted,

By: _____
Dana A. LeJune
TXBN: 12188250
6525 Washington Avenue
Suite 300
Houston, Texas  77007
713.942.9898 Phone
713.942.9899 Facsimile
dlejune@triallawyers.net